IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV21-03-MU

| | |
|---|---|
| FRANCISCO CURBELLO,<br><br>   Plaintiff,<br><br>   v.<br><br>JIM PENDERGRAPH, <u>et al.</u>,<br><br>   Defendants. | **O R D E R** |

**THIS MATTER** is before this Court upon a Complaint pursuant to 42 U.S.C. §1983 which was filed by the Plaintiff <u>pro se</u>. Plaintiff has filed a Motion for Production of Documents (Document No. 19), which Defendants oppose (Document No. 20) and a "Motion to Speedy Trial .... and Subpoena the Witnesses for Indigent Plaintiff (Document No. 18.)

On September 26, 2005 Defendants filed their Answer to Plaintiff' Complaint and Petition to Consolidate. By their Answer, the Defendants deny the material allegations of the Plaintiff's Complaint and assert certain affirmative defenses, including the defense of qualified immunity, failure to state claim for relief, statute of limitations and failure to exhaust. By Order dated October 17, 2005, this Court set a dispositive motions schedule and ordered that parties shall file dispositive motions no later than sixty (60) days from the date of the Order. Defendants anticipate filing a dispositive motion by the December 16, 2005 deadline imposed by this Court, predicated, in part, upon qualified immunity.

The qualified immunity analysis "is designed to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out

lawsuit." Wilson v. Layne, 526 U.S. 603 (1999). The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982) recognized that staying discovery until the threshold immunity question is resolved reduces the social costs associated with bringing suits against a public official, such as "expenses of litigation, diversion of official energy from pressing public issues . . . the deterrence of able citizens from acceptance of public office," and the chilling effect on a public official's pursuit of official duties. Id at 814. See also, Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that a court should first determine the qualified immunity question before permitting discovery).

Discovery in this action is stayed in anticipation of the dispositive motion Defendants plan to file prior to the December 16, 2005 deadline addressing qualified immunity. If the Defendants dispositive motion does not dispose of this case, Plaintiff may renew his discovery motion at that time.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Production of Documents (Document No. 19) is DENIED.

2. Plaintiff's "Motion to Speedy Trial ... and Subpoena the Witnesses for Indigent Plaintiff" (Document No. 18 ) Is Denied.

3. Discovery is Stayed until the dispositive motion addressing qualified immunity is resolved.

**Signed: October 28, 2005**

Graham C. Mullen
Chief United States District Judge